

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-22-2008

# Konate v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4193

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Konate v. Atty Gen USA" (2008). *2008 Decisions.* Paper 1723.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1723

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-4193
_____

DJIBRIL KONATE,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

_____

On Petition for Review from an
Order of the Board of Immigration Appeals
(Board No. A79 330 964)
Immigration Judge:  Daniel A. Meisner

_____

Submitted Under Third Circuit LAR 34.1(a)
January 7, 2008

Before:  FISHER, HARDIMAN and ALDISERT, *Circuit Judges*.

(Filed: January 22, 2008)

_____

OPINION OF THE COURT

_____

FISHER, *Circuit Judge*.

Djibril Konate petitions for review of the final decision of the Board of

Immigration Appeals ("BIA") ordering his removal from the United States.  He appeals

the BIA's denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). For the reasons set forth below, we will deny the petition.

I.

We write exclusively for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis.

Konate, a native and citizen of Mauritania, entered the United States on August 6, 2000. On June 21, 2001, he filed applications for asylum, withholding of removal, and relief under the CAT. The former Immigration and Naturalization Service sent him a Notice to Appear on July 30, 2001, placing him in removal proceedings. During a subsequent hearing on November 23, 2004, Konate presented evidence to the Immigration Judge ("IJ"). He testified that on September 20, 1989, Mauritanian police officers and soldiers entered his family's home, destroyed his family's documents, beat his family, and killed his father. He testified that the officers and soldiers then drove the remaining family members to the Senegal River, forcing them across the river. Thus, he claims that he and his family were expelled from Mauritania. He noted that he believed this event occurred because he and his family are black and of the Soninke ethnic group. Konate also supported this conclusion with Mauritanian country reports, which stated that the security forces of Mauritania expelled black Mauritanians to Senegal between the years of 1989 and 1991.

The IJ found that Konate's testimony was not credible, and denied Konate's applications for asylum, withholding of removal, and protection under the CAT. The BIA affirmed, without opinion, the IJ's denial of Konate's claims. This timely petition for review followed.

## II.

We have jurisdiction to review a final order of removal pursuant to 8 U.S.C. § 1252(a)(1). Where, as here, the BIA adopted the IJ's decision, we review the decisions of both the BIA and the IJ. *Shehu v. Att'y Gen.*, 482 F.3d 652, 657 (3d Cir. 2007). We review the factual findings of the IJ, including adverse credibility findings, for substantial evidence. *Abdulrahman v. Ashcroft*, 330 F.3d 587, 597 (3d Cir. 2003). Thus, we will uphold the findings if they are "supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Balasubramanrim v. INS*, 143 F.3d 157, 161 (3d Cir. 1998) (internal quotation marks and citation omitted). Moreover, "the BIA's finding must be upheld unless the evidence not only supports a contrary conclusion, but compels it." *Abdille v. Ashcroft*, 242 F.3d 477, 483-84 (3d Cir. 2001).

## III.

For an alien to be eligible for a discretionary grant of asylum under the Immigration and Nationality Act ("INA"), he must demonstrate that he is a refugee. 8 U.S.C. § 1158(b)(1)(A)-(B). A refugee is an alien who is "unable or unwilling to return to . . . [his] country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political

3

opinion." *Id.* § 1101(a)(42). To establish past persecution, "an applicant must show (1) an incident, or incidents, that rise to the level of persecution; (2) that is on account of one of the statutorily-protected grounds; and (3) is committed by the government or forces the government is either unable or unwilling to control." *Gao v. Ashcroft*, 299 F.3d 266, 272 (3d Cir. 2006) (internal quotation marks and citation omitted). To demonstrate a well-founded fear of future persecution, an applicant must show that "[he] has a genuine fear, and that a reasonable person in [his] circumstances would fear persecution if returned to [his] native country." *Id.*

Substantial evidence exists to support the IJ's conclusion that Konate did not establish past persecution. In establishing past persecution, the applicant has the burden of providing credible evidence. *Abdulrahman*, 330 F.3d at 592. An IJ's adverse credibility determination must be based on evidence in the record, not "speculation or conjecture." *Gao*, 299 F.3d at 272. In addition, "the discrepancies must involve the heart of the asylum claim," not merely "minor inconsistencies" in the applicant's testimony. *Id.* (internal quotation marks and citation omitted).

Konate's claim of past persecution consists of a single incident where Mauritanian officers and soldiers killed his father and forced him and his family to leave Mauritania. Konate testified that he is the eldest of six children, all of whom have the same mother and father. He testified that, at the time of the hearing, his three brothers were 25, 15, and 12, and his two sisters were 13 and 12. However, as the IJ noted, based on his father's date of death, his siblings could not be any younger than 14. This discrepancy relates

4

directly to whether his father was actually killed at the time and in the manner that Konate alleges. Additionally, Konate changed his testimony regarding the number of siblings he has and their ages numerous times. As a result, his testimony had material inconsistencies and contradictions that are central to his claim, and we cannot find that "any reasonable adjudicator would be compelled to conclude to the contrary." *Gao*, 299 F.3d at 272. Therefore, we will uphold the IJ's adverse credibility determination, as well as his determination that Konate did not establish past persecution.[1]

Likewise, we will uphold the IJ's determination that Konate did not establish a well-founded fear of future persecution. We have stated that "[c]ountry reports . . . are the most appropriate and perhaps the best resource for information on political situations in foreign nations." *Zubeda v. Ashcroft*, 333 F.3d 463, 477-78 (3d Cir. 2003) (internal quotation marks and citation omitted). The country reports that Konate submitted establish that the conditions in Mauritania are improving. By 2003, only 15,000 to 20,000 of the approximately 70,000 expelled Mauritanians remain in Senegal; the others

---

[1]To the extent that Konate argues that the IJ should not have considered his failure to present corroborating documentation, we find his argument unavailing. Although an applicant's credible testimony may be sufficient to demonstrate refugee status without corroborating evidence, *see* 8 C.F.R. § 208.13(a), the IJ properly determined that Konate's testimony was not credible, thus making corroborating documentation of greater importance. Moreover, the type of documentation that the IJ requested was reasonable, and Konate could not account for its absence. *See Obale v. Att'y Gen.*, 453 F.3d 151, 163 (3d Cir. 2006). For example, the IJ requested a letter from the refugee camp where Konate had lived and his wife, mother, and siblings still reside in order to prove that Konate had been expelled from Mauritania, but Konate merely stated that he did not have one.

5

have returned to Mauritania. Thus, Konate cannot establish an objectively reasonable fear of persecution if he returned to Mauritania, and substantial evidence supports the IJ's determination that Konate did not meet the requirements to qualify for asylum.

Substantial evidence also supports the BIA's and IJ's decision that Konate did not qualify for withholding of removal or relief under the CAT, both of which have higher standards of proof than asylum. With regard to withholding of removal, Konate has failed to demonstrate that it is more likely than not that his "life or freedom would be threatened in [his] country because of [his] race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A). With regard to protection under the CAT, Konate has not provided evidence "that it is more likely than not that he . . . would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2).

## IV.

For the reasons set forth above, we will deny Konate's petition for review.

6